937 F.2d 1555
 Rose Marie FLOYD and Terry Floyd, her husband, Connie Gale
and Michael Gale, her husband, Michael Gale and Connie Gale,
his wife, Gloria Patterson, Edmond Patterson, Thomas J.
Nolan, Robert Scharhag, Eugene H. Champ, Frederick W.
Hoehler, IV, Sally Ann
Collins, Michael R. Dramis, Sandy Dix and Gary Dix, her
husband, Dana Dix, By and Through her parents Gary Dix and
Sandy Dix, as guardians and next friends, Alexander Dix, By
and Through his parents Gary Dix and Sandy Dix, as guardians
and next friends, Gerri Ash Self, Susan Rooney and William
Rooney, her husband, Janet Jacobs and Bruce Jacobs, her
husband, Alexander Embry, Salim Khoury and Deborah Khoury,
his wife, Bruce Jacobs and Janet Jacobs, his wife, Myriam
Carrasco (f/k/a Myriam Riley), Terry Floyd and Rose Marie
Floyd, Gary Dix and Sandy Dix, his wife, Salim Khoury and
Deborah Khoury, his wife, Gregory Mantz, By and Through his
parents Netta Mantz and Harold D. Mantz, as guardians and
next friends, Netta Mantz, Harold Mantz and Gregory D.
Mantz, By and Through his father Harold D. Mantz,
Plaintiffs-Appellants,
v.
EASTERN AIRLINES, INC., Defendant-Appellee.
 No. 86-5381.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 9, 1991.
 
 Joel D. Eaton, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, Fla., for plaintiffs-appellants.
 Kathleen M. O'Connor, Aurora A. Ares, Thornton, David & Murray, P.A., Linda Singer Stein, Miami, Fla., for defendant-appellee.
 Steven G. Jugo, Law Offices of Jugo & Murphy, Miami, Fla., for Gloria Patterson and Edmond Patterson.
 Appeal from the United States District Court for the Southern District of Florida; Edward B. Davis, Judge.ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 Before ANDERSON and JOHNSON, Circuit Judges, and ATKINS*, Senior District Judge.
 PER CURIAM:
 
 
 1
 In light of the Supreme Court's opinion in this case, Eastern Airlines, Inc. v. Floyd, --- U.S. ----, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991), the judgment of the district court dismissing plaintiffs' cause of action under Fed.R.Civ.P. 12(b)(6) is due to be affirmed in all respects except one.
 
 
 2
 In Part VII of our original opinion, Floyd v. Eastern Airlines, Inc., 872 F.2d 1462, 1489-90 (11th Cir.1989), we reversed the district court's failure to grant four plaintiffs (in the Dix and Khoury complaints) leave to amend their complaints to allege physical injury resulting from the accident. The Supreme Court left open the question of "whether passengers can recover for mental injuries that are accompanied by physical injuries" under the Warsaw Convention because the plaintiffs did not allege such injuries. Floyd, --- U.S. at ----, 111 S.Ct. at 1502. We also express no view on this issue, leaving it to the district court in the first instance if the four plaintiffs can amend their complaints appropriately.
 
 
 3
 Accordingly, the judgment of the district court is affirmed in all respects, except that the district court's denial of leave to amend the Dix and Khoury complaints is reversed.
 
 
 4
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation